UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
BOARD OF EDUCATION OF THE UNIONDALE
UNION FREE SCHOOL DISTRICT,

                                 Plaintiff,          **DEFENDANTS'**
                                                                       **RESPONSE TO**
                                                                       **PLAINTIFF'S RULE**
                                                                       **56.1 STATEMENT OF**

                          -against-                  **MATERIAL FACTS**

J.P. and S.R., individually, and as parents and legal        **18-CV-1038(JMA)(AYS)**
guardians of S.P. a minor

                                             Defendants.
-----------------------------------------------------------------------x

       Pursuant to Rule 56.1 of the Local Rules of this Court, Defendants' response to Plaintiff's

Rule 56.1 Statement of Material Facts (Pl. 56.1 Statement) dated October 18, 2018 is set forth

below:

      1.      Deny the allegations set forth in paragraph "1" of Pl. 56.1 Statement.

      2.      Deny the allegations set forth in paragraph "2" of Pl. 56.1 Statement.

      3.      Admit the allegations set forth in paragraph "3" of Pl. 56.1 Statement.

      4.      Admit the allegations set forth in paragraph "4" of Pl. 56.1 Statement.

      5.      Admit the allegations set forth in paragraph "5" of Pl. 56.1 Statement.

      6.      As to the allegations set forth in paragraph "6" of Pl. 56.1 Statement, admit that

Vincent Smith School (VSS) is a private school which is not on the list of schools approved by

the New York State Education Department which receive state funding.  Defendants aver that the

record established that VSS is an independent school "accredited by New York State Association

of Independent Schools" and is chartered by the New York State Board of Regents. (T. 1034-35).

      7.      Admit the allegations set forth in paragraph "7" of Pl. 56.1 Statement.

8.      As the allegations set forth in paragraph "8" of Pl. 56.1 Statement, admit that the State Review Officer (SRO) reversed the Impartial Hearing Officer's (IHO) Decision, but deny that the IHO's decision was "well-reasoned, thorough and amply supported."

9.      Admit the allegations set forth in paragraph "9" of Pl. 56.1 Statement.

10.     Deny the allegations set forth in paragraph "10" of Pl. 56.1 Statement.

11.     Admit the allegations set forth in paragraph "11" of Pl. 56.1 Statement.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of Pl. 56.1 Statement.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of Pl. 56.1 Statement.

14.     Deny allegations set forth in paragraph "14" of Pl. 56.1 Statement and aver that the record established that S.P. began receiving special education services in second grade. (T. 1717-18; Ex. F-1).

15.     Deny the allegations set forth in paragraph "15" of Pl. 56.1 Statement and aver that the record established that S.P.'s "most significant difficulties" were related to reading and dyslexia. (T. 380, 1207).

16.     Admit the allegations set forth in paragraph "16" of Pl. 56.1 Statement.

17.     Admit the allegations set forth in paragraph "17" of Pl. 56.1 Statement.

18.     Admit the allegations set forth in paragraph "18" of Pl. 56.1 Statement.

19.     As to the allegations set forth in paragraph "19" of Pl. 56.1 Statement, admit that S.P. was placed in a general education class with resource room and speech therapy, but deny that S.P. received Academic Intervention Services on a set schedule with any consistency as the AIS services were never mandated on an IEP. (T. 126-27, 1723).

20.     Admit the allegations set forth in paragraph "20" of Pl. 56.1 Statement.

21.     Admit the allegations set forth in paragraph "21" of Pl. 56.1 Statement.

22.     Admit the allegations set forth in paragraph "22" of Pl. 56.1 Statement.

23.     Deny the allegations set forth in paragraph "23" of Pl. 56.1 Statement.

24.     Deny the allegations set forth in paragraph "24" of Pl. 56.1 Statement and note that the referenced progress report showed that S.P. was not progressing in several domains and was marked as "Experiencing Difficulty." (Ex. 29).

25.     Deny the allegations set forth in paragraph "25" of Pl. 56.1 Statement and note that S.P.'s testing scores declined in several areas from December 2014 to December 2015. (*Compare* Exs. 29 and 32). Defendants aver that the two academic achievement tests are not an "apples to apples" comparison, as the District's special education teacher testified that she omitted several subtests from the latter administration of testing because she anticipated that S.P.'s score would "remain flat," and would be "low." (T. 383-84).

26.     Admit the allegations set forth in paragraph "26" of Pl. 56.1 Statement.

27.     Admit the allegations set forth in paragraph "27" of Pl. 56.1 Statement.

28.     Deny the allegations set forth in paragraph "28" of Pl. 56.1 Statement and aver that the hearing record does not establish that S.P. received those services on a consistent basis. (T. 126-27, 555, 663, 922, 1725).

29.     Deny the allegations set forth in paragraph "28" of Pl. 56.1 Statement and aver that the AIS teacher testified that she did not provide services three times per week and that it was "harder to schedule" AIS services during 2015-2016 especially as IEP mandated services took precedence over AIS services. (T. 921-22). In addition, the AIS teacher testified that up to eight students received AIS. (T. 921).

30.     Deny the allegations set forth in paragraph "30" of Pl. 56.1 Statement and aver that S.P. was making "less than anticipated progress" toward several Goals and that she did not achieve any Goals. (Ex. H).

31.     Admit the allegations set forth in paragraph "31" of Pl. 56.1 Statement.

32.     Deny the allegations set forth in paragraph "32" of Pl. 56.1 Statement.

33.     Admit the allegations set forth in paragraph "33" of Pl. 56.1 Statement.

34.     Deny the allegations set forth in paragraph "34" of Pl. 56.1 Statement and aver that S.P.'s progress in prior years is in dispute.

35.     Deny the allegations set forth in paragraph "35" of Pl. 56.1 Statement and aver that the record establishes that S.P. remained at a second grade reading level for several years, which is not a sign of progress. (Exs. 24, 26, 32, 36; T. 426, 587, 619, 739).

36.     Deny the allegations set forth in paragraph "36" of Pl. 56.1 Statement and aver that the District's general education teacher testified that S.P. was struggling relative to her peers, and he identified social interaction and distractibility as areas of deficit.  (T. 735, 749, 759).

37.     Deny the allegations set forth in paragraph "37" of Pl. 56.1 Statement and aver that the hearing record establishes that S.P.'s parents expressed their concerns and disagreement with the District prior to sending their 10 day notice letter. Specifically, they asked for special education classes for S.P. and provided letters from S.P.'s doctor with that recommendation. (T. 1722, 1728-30; Exs. D, E, F).

38.     Admit the allegations set forth in paragraph "38" of Pl. 56.1 Statement.

39.     Admit the allegations set forth in paragraph "39" of Pl. 56.1 Statement.

40.     Admit the allegations set forth in paragraph "40" of Pl. 56.1 Statement.

41.     Admit the allegations set forth in paragraph "41" of Pl. 56.1 Statement.

42.     Admit the allegations set forth in paragraph "42" of Pl. 56.1 Statement.

43.     Admit the allegations set forth in paragraph "43" of Pl. 56.1 Statement.

44.     Admit the allegations set forth in paragraph "44" of Pl. 56.1 Statement.

45.     Admit the allegations set forth in paragraph "45" of Pl. 56.1 Statement.

46.     Admit the allegations set forth in paragraph "46" of Pl. 56.1 Statement.

47.     Admit the allegations set forth in paragraph "47" of Pl. 56.1 Statement.

48.     Admit the allegations set forth in paragraph "48" of Pl. 56.1 Statement.

49.     Admit the allegations set forth in paragraph "49" of Pl. 56.1 Statement.

50.     Admit the allegations set forth in paragraph "50" of Pl. 56.1 Statement.

51.     Admit the allegations set forth in paragraph "51" of Pl. 56.1 Statement.

52.     Admit the allegations set forth in paragraph "52" of Pl. 56.1 Statement.

53.     Admit the allegations set forth in paragraph "53" of Pl. 56.1 Statement.

54.     Admit the allegations set forth in paragraph "54" of Pl. 56.1 Statement.

55.     Admit the allegations set forth in paragraph "55" of Pl. 56.1 Statement.

56.     Admit the allegations set forth in paragraph "56" of Pl. 56.1 Statement.

57.     Admit the allegations set forth in paragraph "57" of Pl. 56.1 Statement.

58.     Admit the allegations set forth in paragraph "58" of Pl. 56.1 Statement but only insofar as the IHO made that finding. Defendants aver that the IHO's decision was erroneous, improper, and against the weight of the evidence. Defendants further aver that the SRO reversed the IHO's determination that the District offered S.P. a FAPE.

59.     Admit the allegations set forth in paragraph "59" of Pl. 56.1 Statement but only insofar as the IHO made that finding. Defendants aver that the IHO's decision was erroneous,

improper, and against the weight of the evidence. Defendants further aver that the SRO reversed the IHO's determination that the District offered S.P. a FAPE.

60.     Admit the allegations set forth in paragraph "60" of Pl. 56.1 Statement but only insofar as the IHO made that finding. Defendants aver that the IHO's decision was erroneous, improper, and against the weight of the evidence. Defendants further aver that the SRO reversed the IHO's determination that the District offered S.P. a FAPE.

61.     Admit the allegations set forth in paragraph "61" of Pl. 56.1 Statement but only insofar as the IHO made that finding. Defendants aver that the hearing record amply established that S.P.'s met criteria for a learning disability classification given her profound reading weaknesses.

62.     Admit the allegations set forth in paragraph "62" of Pl. 56.1 Statement but only insofar as the IHO made that finding. Defendants aver that the IHO's decision was erroneous, improper, and against the weight of the evidence. Defendants further aver that the SRO reversed the IHO's determination that the District offered S.P. a FAPE.

63.     Admit the allegations set forth in paragraph "63" of Pl. 56.1 Statement but only insofar as the IHO made that finding. Defendants aver that the IHO's decision was erroneous, improper, and against the weight of the evidence. Defendants further aver that the SRO reversed the IHO's determination that the District offered S.P. a FAPE.

64.     Admit the allegations set forth in paragraph "64" of Pl. 56.1 Statement but only insofar as the IHO made that finding. Defendants aver that the IHO's decision was erroneous, improper, and against the weight of the evidence. Defendants further aver that the SRO reversed the IHO's determination that the District offered S.P. a FAPE.

65.     Admit the allegations set forth in paragraph "65" of Pl. 56.1 Statement but only insofar as the IHO made that finding. Defendants aver that the IHO's decision was erroneous, improper, and against the weight of the evidence. Defendants further aver that the SRO reversed the IHO's determination that the District offered S.P. a FAPE.

66.     Deny the allegations set forth in paragraph "66" of Pl. 56.1 Statement and aver that IHO failed to address S.P.'s parents' claim regarding the District's failure to offer S.P. intensive reading intervention and that her decision does not include a conclusion on that issue. Defendants aver that the SRO specifically found that the District denied S.P. a FAPE "for its failure to address [S.P.'s] reading needs during the 2016-17 school year." (SRO Decision, p 28).

67.     Deny the allegations set forth in paragraph "67" of Pl. 56.1 Statement and aver that IHO failed to address S.P.'s parents' claim regarding the District's failure to offer S.P. intensive reading intervention and that her decision does not include a conclusion on that issue. Defendants aver that the testimony referenced is improper retrospective testimony which cannot be considered as it relates to a service not included on the 2016-2017 IEP.

68.     Deny the allegations set forth in paragraph "68" of Pl. 56.1 Statement and aver that IHO failed to address S.P.'s parents' claim regarding the District's failure to offer S.P. intensive reading intervention and that her decision does not include a conclusion on that issue. Defendants further aver that the SRO specifically found that the District denied S.P. a FAPE "for its failure to address [S.P.'s] reading needs during the 2016-17 school year." (SRO Decision, p 28).

69.     Admit the allegations set forth in paragraph "69" of Pl. 56.1 Statement but only insofar as the IHO made that finding. Defendants aver that the IHO's decision was erroneous,

improper, and against the weight of the evidence. Defendants further aver that the SRO reversed the IHO's determination that the District offered S.P. a FAPE.

70.     Admit the allegations set forth in paragraph "70" of Pl. 56.1 Statement but only insofar as the IHO made that finding. Defendants aver that the IHO's decision was erroneous, improper, and against the weight of the evidence. Defendants further aver that the SRO reversed the IHO's determination that the District offered S.P. a FAPE.

71.     Admit the allegations set forth in paragraph "71" of Pl. 56.1 Statement but only insofar as the IHO made that finding. Defendants aver that the IHO's decision was erroneous, improper, and against the weight of the evidence. Defendants further aver that the SRO reversed the IHO's determination that the District offered S.P. a FAPE.

72.     Admit the allegations set forth in paragraph "72" of Pl. 56.1 Statement but only insofar as the IHO made that finding. Defendants aver that the IHO's decision was erroneous, improper, and against the weight of the evidence. Defendants further aver that the SRO reversed the IHO's determination that the District offered S.P. a FAPE.

73.     Deny the allegations set forth in paragraph "73" of Pl. 56.1 Statement and aver that IHO failed to address S.P.'s parents' claim regarding the District's failure to recommend parent training and counseling, and that her decision does not include a conclusion on that issue.

74.     Deny the allegations set forth in paragraph "74" of Pl. 56.1 Statement.

75.     As to the allegations set forth in paragraph "75" of Pl. 56.1 Statement, Defendants admit to challenging the District's failure to provide S.P. with special education transportation in their due process complaint. However, during the course of the 2016-2017 school year, the District provided S.P. with special education transportation to and from VSS. Defendants further aver that this issue is not material to the instant action.

76.     Deny the allegations set forth in paragraph "76" of Pl. 56.1 Statement and aver that the hearing record amply establishes that S.P. was well behind grade level and that placement in general education, including general education assessments, was inappropriate for S.P.

77.     Admit the allegations set forth in paragraph "77" of Pl. 56.1 Statement.

78.     Admit the allegations set forth in paragraph "78" of Pl. 56.1 Statement.

79.     Admit the allegations set forth in paragraph "79" of Pl. 56.1 Statement, in part, but aver that S.P.'s parents partially appealed the IHO's Decision. S.P.'s parents did not appeal the IHO's findings that VSS was appropriate and that equitable considerations favored them.

80.     Admit the allegations set forth in paragraph "80" of Pl. 56.1 Statement but only insofar as the District argued as such in its cross-appeal. Defendants aver that the District's cross-appeal was dismissed in its entirety.

81.     Admit the allegations set forth in paragraph "81" of Pl. 56.1 Statement but only insofar as the District argued as such in its cross-appeal. Defendants aver that the District's cross-appeal was dismissed in its entirety.

82.     Admit the allegations set forth in paragraph "82" of Pl. 56.1 Statement but only insofar as the District argued as such in its cross-appeal. Defendants aver that the District's cross-appeal was dismissed in its entirety.

83.     Admit the allegations set forth in paragraph "83" of Pl. 56.1 Statement but only insofar as the District argued as such in its cross-appeal. Defendants aver that the District's cross-appeal was dismissed in its entirety.

84.     Deny the allegations set forth in paragraph "84" of Pl. 56.1 Statement and aver that the SRO did find that the IHO erroneously determined that the District offered S.P. a FAPE

and the SRO reversed that determination notwithstanding a statement that S.P. made some degree of progress. Defendants aver that the hearing record establishes that S.P. did not progress in the District.

85.    Deny the allegations set forth in paragraph "85" of Pl. 56.1 Statement except insofar as the SRO made those findings.  Defendants aver that the hearing record establishes that Defendants were denied meaningful participation in the IEP process. Defendants further aver that notwithstanding that finding, the SRO properly determined that the District failed to offer S.P. a FAPE.

86.    Deny the allegations set forth in paragraph "86" of Pl. 56.1 Statement except insofar as the SRO made those findings.  Defendants aver that the hearing record establishes that the District predetermined S.P.'s program. Defendants further aver that notwithstanding that finding, the SRO properly determined that the District failed to offer S.P. a FAPE.

87.    Deny the allegations set forth in paragraph "87" of Pl. 56.1 Statement except insofar as the SRO made those findings.  Defendants aver that the hearing record establishes that the District failed to rely on sufficient evaluative information and that the CSE Chairperson admitted to considering only one document at the meeting. Defendants further aver that notwithstanding that finding, the SRO properly determined that the District failed to offer S.P. a FAPE.

88.    Deny the allegations set forth in paragraph "88" of Pl. 56.1 Statement except insofar as the SRO made those findings.  Defendants aver that the hearing record establishes that the District failed to create appropriate annual Goals for S.P. Defendants further aver that notwithstanding that finding, the SRO properly determined that the District failed to offer S.P. a FAPE.

89.     Deny the allegations set forth in paragraph "89" of Pl. 56.1 Statement except insofar as the SRO made those findings.  Defendants aver that the hearing record establishes that two weekly group sessions of speech and language therapy was not an appropriate recommendation for S.P. Defendants further aver that notwithstanding that finding, the SRO properly determined that the District failed to offer S.P. a FAPE.

90.     Deny the allegations set forth in paragraph "90" of Pl. 56.1 Statement except insofar as the SRO made those findings.  Defendants aver that the hearing record establishes that S.P. required counseling services and that the District's failure to recommend or consider counseling was improper. Defendants further aver that notwithstanding that finding, the SRO properly determined that the District failed to offer S.P. a FAPE.

91.     Deny the allegations set forth in paragraph "91" of Pl. 56.1 Statement except insofar as the SRO made those findings.  Defendants aver that the hearing record establishes that S.P.'s parents required parent training and counseling and that the District's refusal to offer parent training solely because S.P. was not classified as having autism was improper. Defendants further aver that notwithstanding that finding, the SRO properly determined that the District failed to offer S.P. a FAPE.

92.     Deny the allegations set forth in paragraph "92" of Pl. 56.1 Statement except insofar as the SRO made those findings.  Defendants aver that the hearing record establishes that S.P. did not progress in the District. Defendants further aver that notwithstanding that finding, the SRO properly determined that the District failed to offer S.P. a FAPE.

93.     Deny the allegations set forth in paragraph "93" of Pl. 56.1 Statement except insofar as the SRO made those findings.  Defendants aver that the May 2015 progress report showed that S.P. experienced difficulty in several domains, which is not an indicator of progress.

Defendants further aver that notwithstanding that finding, the SRO properly determined that the District failed to offer S.P. a FAPE.

94.      Deny the allegations set forth in paragraph "94" of Pl. 56.1 Statement except insofar as the SRO made those findings.  Defendants aver that a comparison of the tests shows that S.P.'s performance was consistently below grade level and that S.P. regressed and flat-lined in several areas. Defendants further aver that notwithstanding that finding, the SRO properly determined that the District failed to offer S.P. a FAPE.

95.      Deny the allegations set forth in paragraph "95" of Pl. 56.1 Statement except insofar as the SRO made those findings.  Defendants aver that the Goal progress report showed that S.P. made less than anticipated progress and that she failed to achieve any Goal. Defendants further aver that notwithstanding that finding, the SRO properly determined that the District failed to offer S.P. a FAPE.

96.      Deny the allegations set forth in paragraph "96" of Pl. 56.1 Statement except insofar as the SRO made those findings.  Defendants aver that the S.P. did not progress in the District's program. Defendants further aver that notwithstanding that finding, the SRO properly determined that the District failed to offer S.P. a FAPE.

97.      Deny the allegations set forth in paragraph "97" of Pl. 56.1 Statement except insofar as the SRO made those findings.  Defendants aver that the S.P. did not progress in the District's program. Defendants further aver that notwithstanding that finding, the SRO properly determined that the District failed to offer S.P. a FAPE.

98.      Deny the allegations set forth in paragraph "98" of Pl. 56.1 Statement except insofar as the SRO made those findings.  Defendants aver that the S.P. was not "ready for middle school" as she performed well below grade level in academics. Defendants further aver that

notwithstanding that finding, the SRO properly determined that the District failed to offer S.P. a FAPE.

99.     Admit the allegations set forth in paragraph "99" of Pl. 56.1 Statement except deny the allegation that the SRO's ruling was "inexplicable." Defendants aver that the SRO decision regarding the District's failure to offer S.P. a FAPE was clear, thorough, and well-reasoned.

100.     Deny the allegations set forth in paragraph "100" of Pl. 56.1 Statement.

101.     Admit the allegations set forth in paragraph "101" of Pl. 56.1 Statement.

102.     Admit the allegations set forth in paragraph "102" of Pl. 56.1 Statement but aver that cited guidance provides that while the *term* "specialized reading instruction" need not appear on an IEP, the IEP should describe "how specially designed reading instruction will be provided." Defendants further aver that the SRO specifically found that the District did not address S.P.'s reading needs through the recommendation of resource room. (SRO Decision, p. 29).

103.      Admit the allegations set forth in paragraph "103" of Pl. 56.1 Statement.

104.     Admit the allegations set forth in paragraph "104" of Pl. 56.1 Statement.

105.     Admit the allegations set forth in paragraph "105" of Pl. 56.1 Statement.

106.     Deny the allegations set forth in paragraph "106" of Pl. 56.1 Statement and aver that the SRO cited to guidance which required that AIS services described by the District meet the definition of specially designed instruction which needs to be included on an IEP.

107.     Deny the allegations set forth in paragraph "107" of Pl. 56.1 Statement. Defendants aver that the United State Education Department's advice is not "contrary," and the SRO did not state as much. The SRO properly reasoned that the type of service the AIS teacher

provided to S.P. was "such that it constituted specially designed instruction and was required to be included on the student's IEP." (SRO Decision, p. 28).

108.    Deny the allegations set forth in paragraph "108" of Pl. 56.1 Statement.

109.    Deny the allegations set forth in paragraph "109" of Pl. 56.1 Statement.

110.    Admit the allegations set for in paragraph "110" of Pl. 56.1 Statement insofar as the AIS teacher testified as such. Defendants aver that the purported description of the AIS services being "tailored" and "differentiated" to a student's needs proves the SRO's point that the services are "specially designed instruction" which must be included in an IEP.

111.    Deny the allegations set forth in paragraph "111" of Pl. 56.1 Statement and aver that the hearing record includes conflicting information regarding the frequency of services as well as the group size.

112.    Admit the allegations set forth in paragraph "112" of Pl. 56.1 Statement only insofar as the AIS teacher testified as such.

113.    Admit the allegations set forth in paragraph "113" of Pl. 56.1 Statement.

114.    Deny the allegations set forth in paragraph "114" of Pl. 56.1 Statement.

115.    Deny the allegations set forth in paragraph "115" of Pl. 56.1 Statement.

116.    Deny the allegations set forth in paragraph "116" of Pl. 56.1 Statement.

117.    Deny the allegations set forth in paragraph "117" of Pl. 56.1 Statement and aver that any testimony regarding services not included on S.P.'s IEP, including AIS instruction and methodology, is impermissible retrospective testimony which may not be considered.

118.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "118" of Pl. 56.1 Statement as that information was not included in S.P.'s IEP and constitutes impermissible retrospective evidence.

119.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "119" of Pl. 56.1 Statement as that information was not included in S.P.'s IEP and constitutes impermissible retrospective evidence.

120.     Admit the allegations set forth in paragraph "120" of Pl. 56.1 Statement insofar as VSS utilizes Wilson methodology, but deny that the District's AIS instructors used that methodology. Defendants aver that use of a methodology and a recommendation for AIS reading are absent from the IEP, and any evidence regarding the same is impermissible retrospective evidence.

121.     Deny the allegations set forth in paragraph "121" of Pl. 56.1 Statement.

122.     Deny the allegations set forth in paragraph "122" of Pl. 56.1 Statement.

123.     Deny the allegations set forth in paragraph "123" of Pl. 56.1 Statement.

124.     Deny the allegations set forth in paragraph "124" of Pl. 56.1 Statement.

125.     Deny the allegations set forth in paragraph "125" of Pl. 56.1 Statement.

126.     Deny the allegations set forth in paragraph "126" of Pl. 56.1 Statement.

127.     Admit the allegations set forth in paragraph "127" of Pl. 56.1 Statement.

128.     Deny the allegations set forth in paragraph "128" of Pl. 56.1 Statement and aver that the failure to meet S.P.'s reading needs was a substantive failure which denied her a FAPE.

129.     Deny the allegations set forth in paragraph "129" of Pl. 56.1 Statement.

130.     Deny the allegations set forth in paragraph "130" of Pl. 56.1 Statement.

131.     Deny the allegations set forth in paragraph "131" of Pl. 56.1 Statement.

132.     Deny the allegations set forth in paragraph "132" of Pl. 56.1 Statement.

133.     Deny the allegations set forth in paragraph "133" of Pl. 56.1 Statement.

134.    Admit the allegations set forth in paragraph "134" of Pl. 56.1 Statement except deny that anyone from VSS used the term "primary benefit."

135.    Admit the allegations set forth in paragraph "135" of Pl. 56.1 Statement except deny that anyone from VSS used the term "primary benefit."

136.    Deny the allegations set forth in paragraph "136" of Pl. 56.1 Statement.

137.    Deny the allegations set forth in paragraph "137" of Pl. 56.1 Statement.

138.    Admit the allegations set forth in paragraph "138" of Pl. 56.1 Statement insofar as S.P. improved and progressed because of the small class and individualized attention, but deny that S.P.'s progress was "regardless of her unique needs."

139.    Deny the allegations set forth in paragraph "139" of Pl. 56.1 Statement.

140.    Admit the allegations set forth in paragraph "140" of Pl. 56.1 Statement insofar as VSS's Dean of Students testified that S.P. benefits from individualized education but deny that the Dean of Students testified about VSS's "business plan."

141.    Deny the allegations set forth in paragraph "141" of Pl. 56.1 Statement.

142.    Deny the allegations set forth in paragraph "142" of Pl. 56.1 Statement.

143.    Deny the allegations set forth in paragraph "143" of Pl. 56.1 Statement.

144.    Deny the allegations set forth in paragraph "144" of Pl. 56.1 Statement.

145.    Deny the allegations set forth in paragraph "145" of Pl. 56.1 Statement.

146.    Deny the allegations set forth in paragraph "146" of Pl. 56.1 Statement.

147.    Deny the allegations set forth in paragraph "147" of Pl. 56.1 Statement.

148.    Deny the allegations set forth in paragraph "148" of Pl. 56.1 Statement.

149.    Deny the allegations set forth in paragraph "149" of Pl. 56.1 Statement.

150.    Deny the allegations set forth in paragraph "150" of Pl. 56.1 Statement.

151.   Deny the allegations set forth in paragraph "151" of Pl. 56.1 Statement.

152.   Deny the allegations set forth in paragraph "152" of Pl. 56.1 Statement.

153.   Deny the allegations set forth in paragraph "153" of Pl. 56.1 Statement.

154.   Deny the allegations set forth in paragraph "154" of Pl. 56.1 Statement.

155.   Deny the allegations set forth in paragraph "155" of Pl. 56.1 Statement.

156.   Deny the allegations set forth in paragraph "156" of Pl. 56.1 Statement.

157.   Deny the allegations set forth in paragraph "157" of Pl. 56.1 Statement.

158.   Deny the allegations set forth in paragraph "158" of Pl. 56.1 Statement.

159.   Deny the allegations set forth in paragraph "159" of Pl. 56.1 Statement.

160.   Admit the allegations set forth in paragraph "160" of Pl. 56.1 Statement.

161.   Admit the allegations set forth in paragraph "161" of Pl. 56.1 Statement.

162.   Admit the allegations set forth in paragraph "162" of Pl. 56.1 Statement.

163.   Admit the allegations set forth in paragraph "163" of Pl. 56.1 Statement.

164.   Admit the allegations set forth in paragraph "164" of Pl. 56.1 Statement.


Dated:  New York, New York
        November 26, 2018

                                        _s/   Christina D. Thivierge_____
                                        Christina D. Thivierge (CT9565)
                                        Thivierge & Rothberg, P.C.
                                        Attorneys for Defendants
                                        5 Hanover Square, Suite 1201
                                        New York, New York 10004
                                                &
                                        200 Willis Avenue
                                        Mineola, New York 11501
                                        Tel: (212) 397-6360/Fax: (212) 397-6361
                                        christina@trspecialedlaw.com